IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANNY RAY LOWE,<br><br>    Defendant. | Case No. 3:17-cr-00133-RRB<br><br>**ORDER DENYING MOTION TO VACATE CONVICTION** |

## I. INTRODUCTION

Before the Court at Docket 160 is Defendant, Danny Ray Lowe, with a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, which was supplemented by counsel at Docket 166 with a Supplemental Motion to Vacate. In both his initial motion and in the supplemental motion, Defendant asks that his convictions in this matter be vacated based on several instances of ineffective assistance of trial counsel. The Government opposes at Docket 179 and Defendant replies at Docket 180.

The United States Court of Appeals for the Ninth Circuit upheld Defendant's convictions at Docket 142.

At Docket 179-1, Defendant's trial attorney filed an affidavit addressing many of the matters in question.

Defendant's *pro se* motions were timely filed and will be addressed herein. While the additional claim of ineffective assistance of counsel raised in the Supplemental Memorandum does not appear to be timely, Defendant's argument for equitable tolling may have some merit. Therefore, in an abundance of caution, the Court will address this issue on its merits as well.

## II. LAW

In analyzing Defendant's ineffective assistance of counsel claims, the Court looks to the two threshold requirements necessary to advance such a claim as set forth in *Strickland v. Washington*.[1] Specifically, Defendant must establish that counsel's performance was deficient, and that the deficiency prejudiced the defense. Moreover, *Strickland* provides that, in evaluating trial counsel's conduct, one must be highly deferential to the trial attorney's judgments. Here, as the Government clearly points out in its opposition memorandum, Defendant has failed to show a deficiency on the part of trial counsel, or any prejudice to Defendant as a result thereof.

## III. DISCUSSION

Defendant's first *pro se* claim, that trial counsel failed to object to Agent Goeden's expert opinion as to entrapment, is not borne out by the record. Agent Goeden did not testify as an expert and did not opine one way or the other regarding this issue. There was nothing, therefore, for trail counsel to object to. Moreover, the

---

[1] 466 U.S. 668 (1984).

decision to not highlight this portion of the Agent's testimony was a tactical one that would not rise to the level of ineffectiveness of counsel or prejudice the defense.

Defendant's second *pro se* claim that trial counsel was ineffective by not objecting to the testimony of married couple Special Agent Goeden and Detective Torres also is without merit. There is nothing improper with married couples testifying in the same trial, providing their testimony is competent, material, and relevant. Moreover, the jury was clearly advised of the relationship between these two witnesses and instructed regarding the factors it could consider in evaluating witness testimony. Defense counsel cannot be criticized for failing object to otherwise legitimate witnesses, or to address the matter more than he did at trial. Nor is there any reason to believe that the relationship of these two witnesses prejudiced the defense in any way.

Defendant next argues in his *pro se* complaint that trial counsel was deficient in failing to locate, or produce at trial, AT&T records revealing exculpatory evidence. Trial counsel, however, had all the AT&T records that were in the Government's possession and made efforts to locate additional records from AT&T, but without success. There is no evidence that additional texts or exculpatory evidence existed, or that anything more could have been done to locate them. Moreover, trial counsel's decision to not present the AT&T records that he did have to the jury clearly was tactical, for there is no evidence to suggest that the production of these records would have advanced Defendant's case in any way.

The last argument Defendant raises in his *pro se* complaint is that trial counsel was ineffective by failing to object to the four counts charged as multiplicitous. Given the uncertainty of the law on this issue, one cannot conclude that trial counsel's

failure to object was so out of line with acceptable practice that it could be considered ineffective. Importantly, however, there is nothing to indicate that Defendant was prejudiced as a result of the manner this matter was charged, especially given the weight of the Government's evidence.

In the Supplemental Motion, filed at Docket 166, Defendant raises an additional claim of ineffective assistance of counsel, and contends that defense counsel was ineffective by not challenging jury instructions regarding the necessary "*mens rea*" at the time of committing the crimes in question. Instead of instructing that Defendant "intended to attempt" to commit the underlying crimes, as Defendant would now have the Court do, the Court instructed the jury that it must find that the Defendant must have "knowingly attempted" to commit the crimes. On its face, however, this appears to be a distinction without a difference. Here, the crimes charged against Defendant were crimes of attempt. The jury was instructed that it must find that Defendant "knowingly attempted" to commit several crimes as opposed to "intended to attempt" to commit the crimes. The phrases "knowingly attempted" and "intended to attempt" are nearly synonymous and, in the context used here, both indicate a deliberate and intentional act or course of conduct and the absence of ignorance, mistake, or accident. The phrase "knowingly attempted" that was used by the Court appears to be a much cleaner way of expressing the same principle and could not reasonably be expected to have confused the jury. Defense counsel, therefore, cannot be faulted for his agreement with this language. And, again, given the overwhelming evidence against Defendant as to his intentions, in contrast to his trial testimony, which the jury discounted, this language was not prejudicial. Moreover, and

importantly, a modification of the instructions that Defendant now seeks likely would not have changed the outcome of the trial.

## IV. CONCLUSION

Therefore, for the reasons set forth above, as well as the reasons set forth by the Government at Docket 179, both the *Pro Se* Motion to Vacate, Set Aside, or Correct Sentence, at Docket 160, as well as the Supplemental Motion to Vacate Sentence, at Docket 166, are hereby DENIED.

Furthermore, the Court concludes that the claims presented are substantially without merit and warrant summary dismissal. Therefore, a hearing is not necessary or required.

## V. CERTIFICATE OF APPEALABILITY

After a thorough review of the issues raised, the Court finds that Defendant has not made a substantial showing of the denial of a constitutional right as required by 18 U.S.C. § 2253 (a)(2) as to his *pro se* claims. Therefore, a Certificate of Appealability will not issue as to these.

The Court will issue a Certificate of Appealability as to the Supplemental Motion regarding the propriety of the jury instructions given as to the issue of intent.

IT IS SO ORDERED this 10th day of November, 2022, at Anchorage, Alaska.

          */s/ Ralph R. Beistline*
          RALPH R. BEISTLINE
          Senior United States District Judge